IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RUTLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 0870 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court, in its discretion, grants Defendants' motion to strike pro se Plaintiff's Amendment to Complaint, Part 2 [24].

## STATEMENT

Pursuant to the Court's June 13, 2013 Minute Order granting in part and denying in part Defendants' motion to dismiss, only two claims remain in this lawsuit, namely, pro se Plaintiff Joseph Rutledge's equal protection claim based on racial discrimination and Fourth Amendment claim against individual City of Chicago building inspectors. In the June 13, 2013 Minute Order, the Court granted Plaintiff leave to add the individual building inspectors as Defendants to this lawsuit, which Plaintiff did on June 28, 2013. Without leave of Court, Plaintiff also filed an "Amendment To Complaint, Part 2" that Defendants seek to strike in the present motion.

## LEGAL STANDARD

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed.R.Civ.P. 12(f)) Motions to strike are appropriate if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder,* 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if matter bears no possible relation to controversy). District courts have considerable discretion to strike allegations under Rule 12(f). *See Delta Consulting Group, Inc.,* 554 F.3d at 1141-42.

## BACKGROUND

In his Amendment to Complaint, Part 2, Plaintiff first states that he did not understand what happened at the July 29, 2013 status hearing because he was on medication and could not hear what was going on. Plaintiff then explains his understanding of the Court's June 13, 2013 Minute Order and adds arguments supporting his Fourth Amendment and equal protection

claims. In essence, Plaintiff's "Amendment to Complaint, Part 2" contains legal arguments in support of the two remaining claims in this lawsuit.

## ANALYSIS

In their motion to strike the Amendment to Complaint, Part 2, Defendants argue that the Court should strike this additional filing because Plaintiff did not have leave of court to file it. *See* Fed.R.Civ.P. 15(a)(2). The Court agrees. Equally important is the fact that Plaintiff's new filing does not comply with the basic pleading requirements because it contains legal arguments, *see Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011), and it is well-settled that a plaintiff's pro se status does not absolve him from complying with the federal and local procedural rules. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008). Therefore, the Court, in its discretion, grants Defendants' Rule 12(f) motion to strike Plaintiff's Amendment to Complaint, Part 2, as redundant and immaterial.

**Dated:** December 16, 2013

_____
**AMY J. ST. EVE**
**United States District Court Judge**