IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RUTLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 0870 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court denies Defendants' motion to dismiss, and in the alternative, motion for judgment on the pleadings based on qualified immunity [22]. Status hearing remains set for 1/14/14 at 8:30 a.m.

## STATEMENT

Pursuant to the Court's June 13, 2013 Minute Order granting in part and denying in part Defendants' first motion to dismiss, only two claims remain in this lawsuit, namely, pro se Plaintiff Joseph Rutledge's equal protection claim based on racial discrimination and his Fourth Amendment claim against individual City of Chicago building inspectors. In the June 13, 2013 Minute Order, the Court granted Plaintiff leave to add the individual building inspectors as Defendants to this lawsuit, which Plaintiff did on June 28, 2013, by adding Defendants Vallie Smith and Don Kersick. Before the Court is the individual Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, motion for judgment on the pleadings on the basis of qualified immunity under Rule 12(c).

## LEGAL STANDARDS

### I. Motion to Dismiss — Rule 12(b)(6)

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937,

1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Moreover, the federal pleading standards for pro se plaintiffs are considerably relaxed, even after *Twombly* and *Iqbal. See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 556 (7th Cir. 2012); Fed.R.Civ.P. 10(c).

## II.     Motion for Judgment on the Pleadings — Rule 12(c)

Rule 12(c) motions for judgment on the pleadings differ from Rule 12(b)(6) motions to dismiss because they are brought after the pleadings are closed. *See* Fed.R.Civ.P. 12(c); *Buchanan–Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). Despite the difference in timing, the Court reviews Rule 12(c) motions under the same standards that apply to motions to dismiss under Rule 12(b)(6). *See Richards,* 696 F.3d at 637-38; *Buchanan–Moore,* 570 F.3d at 827. Under Rule 12(c), the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Fail-Safe, LLC v. A.O. Smith Corp.,* 674 F.3d 889, 892 (7th Cir. 2012). To avoid dismissal, a plaintiff must plead sufficient facts to state a claim of relief that is plausible on its face. *See Iqbal,* 556 U.S. at 678-79; *Twombly,* 550 U.S. at 555.

## BACKGROUND

Construing his pro se allegations liberally — along with the documents attached to Defendants' motion to dismiss that are referred to in Rutledge's Complaint — Rutledge alleges that on December 3, 2012, a building inspector with the City of Chicago Department of Buildings unlawfully and unreasonably entered his home at 7917 South Damen Avenue in Chicago and inspected it without Rutledge being present and without his consent. Prior to this inspection, Rutledge alleges that the City received a telephone call that there was no heat in his house at that time. This telephone complaint generated a task order for inspection that was assigned to Defendant Smith, who inspected Rutledge's home on Monday, December 3, 2012. Defendant Smith's inspection resulted in a list of violations of the Municipal Code of the City of Chicago, most of which have been remediated.

The City received another telephone call on December 3, 2012 complaining about the lack of heat at 7917 South Damen Avenue in Chicago. Thereafter, Defendant Kersick inspected the building on December 6, 2012. After his inspection, Defendant Kersick cited the building for its inoperable furnace. On January 30, 2013, the City's Department of Administrative Hearings found Rutledge liable for the inoperable furnace.

**ANALYSIS**

In his Complaint, Rutledge alleges that building inspectors Defendants Kersick and Smith violated his Fourth Amendment rights by entering his property and enforcing the local building codes without any authority to do so. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "It is axiomatic that the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed" and "a principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the Fourth Amendment." *Fitzgerald v. Santoro,* 707 F.3d 725, 730 (7th Cir. 2013) (citation omitted). Accordingly, warrantless searches of private property are presumptively unreasonable subject to a few well-established exceptions. *See id.*; *United States v. Delgado,* 701 F.3d 1161, 1164 (7th Cir. 2012). Administrative inspections, such as building code inspections, are searches within the meaning of the Fourth Amendment, and thus, "warrantless inspections of private property by municipal administrative officials without proper consent may be unconstitutional." *Montville v. Lewis,* 87 F.3d 900, 902 (7th Cir. 1996); *see also Doe v. Heck,* 327 F.3d 492, 509 (7th Cir. 2003) ("the amendment's prohibition against unreasonable searches and seizures protects against warrantless intrusions during civil as well as criminal investigations by the government.").

Here, Defendants argue that Rutledge cannot state a viable Fourth Amendment claim because an individual, Yolanda Losley, let the building inspectors into the house at 7917 South Damen Avenue, and thus there was consent to the inspections. Plaintiff admits that Ms. Losley admitted the inspectors into the premises, but that she did so under coercion. Nevertheless, Defendants argue that the inspectors reasonably believed Ms. Losley had consent to allow them into Rutledge's house.

The question of whether Ms. Losley, as a third-party, had apparent or actual authority to give consent to enter the building is a factual question that is not appropriate to resolve at this procedural posture. To clarify, "[c]onsent to a search or seizure may be obtained from any person who has common authority over the property (actual authority), or who would appear to a reasonable person, given the information that law enforcement possessed, to have common authority over the property (apparent authority)." *United States v. James,* 571 F.3d 707, 714 (7th Cir. 2009) (internal citation omitted). Although Rutledge admits that Ms. Losley lived in his house at 7917 South Damen Avenue, he argues that she did not give her consent voluntarily. Accordingly, Defendants' argument based on what the inspectors "reasonably believed" is misplaced at this juncture. In fact, the remainder of Defendants' arguments in their motion to dismiss concern the reasonableness of the inspector's searches on December 3 and 6, 2012, questions which are best left for summary judgment.

As the Court explained in its June 13, 2013 Minute Order, a "defendant cannot, in presenting its 12(b)(6) challenge, attempt to refute the complaint or to present a different set of allegations. The attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the

complaint, is without legal consequence." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Because Defendants are attempting to refute Plaintiff's allegations with their version of the facts, the Court denies Defendants' motion to dismiss Plaintiff's Fourth Amendment claim.

Meanwhile, because Rutledge has sufficiently alleged his Fourth Amendment claim, Defendants cannot establish the first step of qualified immunity. *See Pearson v. Callahan,* 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Therefore, the Court denies Defendants' Rule 12(c) motion based on qualified immunity.

**Dated: December 17, 2013**

_____
**AMY J. ST. EVE**
**United States District Court Judge**