IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RUTLEDGE, | ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 00870 |
| | ) | |
| vs. | ) | |
| | ) | FILED |
| CITY OF CHICAGO, | ) | 1-21-14 |
| | ) | JAN 21 2014 |
| Defendant. | ) | THOMAS G. BRUTON |
| | | CLERK, U.S. DISTRICT COURT |

## AMENDED COMPLAINT

1. The inspectors were following a policy that is based on racial considerations and targeted properties, which violates the US constitution, *Monell US 436*. The defendants permit and encourage this policy. The City has a failure to train discipline and supervise its agents that carry out this policy and practice. *Thomas vs. Cook County Sheriff Dept.*, 604 F3d.

2. On December 3, 2012, Vallie Smith, an inspector with the Chicago Department of Buildings, unlawfully and unreasonably entered my home at 7917 Damen Avenue in Chicago and inspected it without my presence and without my consent or law. According to City Hall, 9th Floor, Department of Buildings, it was because of a broken window. Erma Rodriguez, supervisor for Vallie Smith and Kersie, sent them out without any authority to inspect plaintiff's home. The inspectors, Smith and Kersie, did not have an administrative warrant to enter plaintiff's property. It was a non-consensual search for alleged code violations, resulting in the deprivation of Constitutional rights. *Mapp vs. Ohio*, 367 US 693.

3. According to the defendant, third-party phone calls are the basis for this inspection. The defendant says it generated a task force and assigned Vallie Smith. This Constitutional deprivation took place at the direction of Erma Rodriguez, Supervisor, with her knowledge and consent. It was a deliberate connection of policies and practices of State inspectors, who <u>disregarded</u>, ignored plaintiff's Fourth Amendment rights. *City of Canton vs. Harris,* 489 US 378. Erma Rodriguez, supervisor for both inspectors, knew that the inspections were unreasonable. Validity of such consent was vitiated by the fact that it was promised on existence of regulations which were not authorized by statute and which were unconstitutional due to a failure to limit the discretion of State officials conducting the search. *Seipos vs. Schmidt,* 1987. State officials

1

violated clearly established Fourth Amendment law in conducting a series of warrantless searches.

4. The number of searches was grossly disproportionate to the number of searches in similar or Caucasian neighborhoods. <u>December 3 fand 6, 2012.</u> *Awalt vs. Marketti,* ND Ill. (Apr. 9, 2012) Acting under the color of law, defendant worked a denial of plaintiff's rights and privileges or immunities secured by the United States Constitution or by Federal law and guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the US.

5. As a result, they conspired to commit fraud on both the court and myself. <u>The administrative document and administrative complaint reads: Group Target.</u> The defendant seems to have a problem understanding this. The alleged civil rights violation resulted from custom and practice of the City.

6. Warrantless inspections may be unreasonable and constitutionally objectionable if they are not authorized by law. *Darvin vs. Dewey,* 1986. In addition, while the demand to inspect may be issued by the agency, it may not be made or enforced by the inspectors in the field. *See vs. Seattle.*

7. Defendant's argument is based on third-party consent and third-party phone calls. The defendant (City) says it received a <u>telephone complaint</u> from a neighbor of the building, alerting the City to a <u>broken window</u> at the building, Exhibit 2 at 42. The complaint, in turn, generated a task order <u>for inspection</u> that was assigned to <u>Defendant Valley Smith</u>. Her inspection took place on the morning of Monday, December 3, 2012. Defendant goes on to say that two hours and one minute later, at 1:52 p.m., on December 3, the City received another <u>telephone complaint</u> about the building, <u>Exhibit 1 at 5.</u> He says the call was from Yolanda Lasley, complaining about the lack of heat at the building. Yolanda Lasley says she never called the City.

8. Another inspection took place on December 6, 2012, by Inspector Don Kersick. On December 3, 2012, we know Yolanda Lasley did not make the call to the City. Defendant City says he cited the building for an inoperable furnace. Defendant has no reason for inspection other than an unknown phone call. <u>He wants us to believe that this phone call triggered a task force for a broken window.</u> (*Mapp vs. Ohio*), 367, page 7 of 15, page ID 27, Document #11, Defendant (City) says the City merely responded to a complaint about the lack of heat and reacted to the "deplorable conditions" found on the premises, which is unreasonable and does not comply with the Fourth Amendment. Ms. Lasley says she never called in the complaint. We are left with an unknown caller. The City fails to address the Fourth Amendments standard for administrative searches.

9. The defendant argues that I cannot state a viable Fourth Amendment claim

2

because Yolanda Lasley let the building inspectors into the premises. <u>She did so under coercion</u> and duress. Yolanda Lasley is a felon who spent 14 years in Dwight Women's Prison; she is also an addict whom I have been trying to evict for the last two years. She claims to have established residence. She came to live at my address after her mother passed away. She is not a tenant, she pays no rent, and she will say or do anything for drugs. Police come to my house just about every day for complaints about her and her daughter.

10. District Court imposes on law enforcement officers a duty to inquire further as to a third party's authority to consent to a search if the surrounding circumstances make that person's authority questionable. *Rodriguez*, 497 US at 188-189.

11. The inspectors could not have reasonable believed that she had common authority over the property (apparent authority). She did not give her consent voluntarily. The Supreme Court considered the requirement fro a valid consent search in *Schnecklith vs. Bustamonte*, 412 US 218.

12. Defendants coerced her into it with~~out~~ promises and favors. She says she gave money for the furnace, yet the furnace was not fixed by defendants. <u>Nor was the money returned.</u>

13. The issue before the court was the prosecution's burden to prove that the third party voluntarily consented to the search. A court must take into account all of the surrounding factors to judge voluntariness, a totality of the circumstances. *Redmond vs. State of Maryland Appellate Court*. There is no tenant agreement or rent receipts. His only proof of apparent authority is a claimed cell phone bill. She showed no identification.

14. Defendants listed the house as deplorable. Any reasonable person would have known she did not have apparent authority. Yolanda Lasley is often high on drugs (cocaine) and is a felon who needs to be in rehab. Her consent is unreasonable. When inspectors noticed this, they had racial animus towards me.

15. In my absence, Yolanda Lasley admitted inspectors to premises under coercion while <u>high on drugs</u>.

16. Facts are sufficient to show defendant's alleged conduct violated the law the law was clearly established.

17. I wish to challenge the Constitutional and statutory basis for the inspections on 12.03.12 and 12.06.12.

18. It was premised on the existence of regulations which were not authorized by statute and which were unconstitutional due to a failure to limit the discretion of

State officials conducting the search – <u>Supervisor Erma Rodriguez.</u> *Serpos vs. Schmidt,* 1987.

19. Defendants Kersick and Smith violated my Fourth Amendment rights by entering my property and enforcing the local building codes without any authority to do so. *Fitzgerald vs. Santoro*, 707 F 3d.

20. Warrantless inspections of private property by municipal administrative officials without proper consent may be unconstitutional. *Montville vs. Lewis.*

21. *Doe v. Heck*, 327 F 3d 492, 509. The amendment's prohibition against unreasonable searches and seizures protects against warrantless intrusions during civil as well as criminal investigations by the government. *(Mapp vs. Ohio).*

22. As a direct and proximate result of defendant's action, plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of enjoyment of life, and other significant injurious damages and losses. I am currently been seen at the Jessie Brown VA Medical Center.

23. Defendant made or caused to be made the decision to target plaintiff, thereby creating an unlawful, unreasonable search and seizure. Defendant engaged in the conduct described by this complaint wilfully, maliciously, in bad faith, and in reckless disregard of plaintiff's federally protected constitutional rights.

24. Municipal policy that is not itself unconstitutional but merely permits or tolerates unconstitutional acts by City employees can be the basis for municipal liability under 1983. *Fiacco vs. Rensselaer,* (1986).

25. The Supreme Court rejected a construction of 1983 that would accord municipalities a qualified immunity from their good-faith constitutional violations. *Id* at 657-100, Sct. At 1418, and held that municipalities have no immunity from damages or liability flowing from their constitutional violations. *Owens vs. City of Independence.*

26. The City's policy is the moving force behind the constitutional deprivations. *Teesdale,* 690 F3d at 833-34.

27. The City has a custom or policy of targeting African-American homeowners for building code inspections and violations. *Awalt vs. Marketti,* No. 11C6142, 2012 WL 1161500 at 11 ND 111, April 9, 2012, but not white communities for building or similar inspections, and that my home is one of the targeted.

28. As evidence of its being targeted, the building inspectors charged me with non=-

code violations; yet the City does not target white homeowners or similar homeowners for minor violations.  <u>Cockroaches.</u>

29. Ask the defendant to look at administrative complaint and summons that reads <u>Group Target.</u>

30. The action of the City and individual defendants caused the plaintiff to suffer a deprivation of his constitutional rights as decided and the plaintiff is entitled to and here by demands an award of nominal damages, compensating damages as established by policy at trial, and exemplary damages as permitted by law resulting from the deliberate and objectively unreasonable violations of his constitutional rights.

31. Plaintiff alleges that the City's policy was the moving force behind his constitutional deprivation.

WHEREFORE, Plaintiff respectfully requests that the court enter judgment in his favor and against each of the defendants and award him all relief allowed by law, including but not limited to, any further relief that this court deems just and proper and any other relief as allowed by law.

Respectfully submitted,

_____
Joseph Rutledge
773-4459083

5