**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH RUTLEDGE )<br>　Plaintiff, )<br> )<br>Vs. )<br> )<br>CITY OF CHICAGO, VALLIE SMITH )<br>　and DON KERKSICK, )<br>　Defendants. ) | Case Number: 13 Cv 00870<br><br>Judge Amy J St. Eve |

## QUALIFIED PRIVACY ACT PROTECTIVE ORDER

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

  1. Subject to the requirements of this Order, an agency as defined in 5 U.S.C. § 552a(a)(1) ("agency") is authorized to release government records, documents and other information, including computerized or electronic information, that are relevant to the claims or defenses of any party to this action within the meaning of Federal Rule of Civil Procedure 26(b), and that are otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, without obtaining the prior written consent of the individuals to whom such records or information pertain.

  2. The parties and their attorneys are hereby authorized to receive, subpoena, use, disclose, and transmit the records and/or information authorized for disclosure pursuant to Paragraph 1 of this Order to the extent and subject to the conditions outlined herein.

  3. The parties and their attorneys shall be permitted to use or disclose the records and/or information authorized for disclosure pursuant to Paragraph 1 of this Order for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

  4. Prior to disclosing the records and/or information authorized for disclosure pursuant to Paragraph 1 of this Order to persons involved in this litigation, counsel shall inform each such person that such records and/or information may not be used or disclosed for any purpose other than this litigation. Counsel and the parties shall take all other reasonable steps to ensure that persons receiving such records and/or information do not use or disclose such records and/or information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of the records and/or information authorized for disclosure pursuant to Paragraph 1 of this Order that is received from counsel or a party pursuant to this Order, shall destroy any and all copies of such records and/or information, except that counsel and the parties are not required to secure the return or destruction of such information and/or records submitted to the court, and the parties and their counsel may retain copies of such information and/or records that are part of or attached to any court filing for their litigation files subject to the restrictions of this Order.

7. This Order does not control or limit the use of any information and/or records that comes into the possession of the parties or their attorneys from a source other than an agency producing information and/or records under this protective order.

8. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file information and/or records under seal.

EN T E R:

_____
**Amy St. Eve**
**United States District Judge**

**Dated:_August 12, 2014_____**